ANTHONY P. SGRO, ESQ.
Nevada Bar No. 3811
ELAINE ODEH, ESQ.
Nevada Bar No. 14099
**SGRO & ROGER**
2901 El Camino Avenue, Suite 204
Las Vegas, Nevada 89102
Telephone: (702) 384-9800
Facsimile: (702) 665-4120
*tsgro@sgroandroger.com*
*eodeh@sgroandroger.com*
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JANE DOE,<br>Plaintiff,<br>v.<br><br>DANIEL R. JOLLATTA, an individual; DOES I-V and ROE COMPANIES I-V,<br><br>Defendants. | Case No. 2:25-cv-02448-GMN-EJY<br><br>STIPULATED PROTECTIVE ORDER |

Plaintiff Jane Doe and Defendant Daniel R. Jollota, through their counsel, stipulate and request entry of the following Protective Order under Federal Rule of Civil Procedure 26(c). The parties acknowledge that this Order does not confer blanket protection on all discovery and that protection extends only to material entitled to confidential treatment under applicable law.

**1. Scope and Purpose**

1.1. This Order governs documents, electronically stored information, testimony, discovery responses, and other material produced or disclosed in this action (“Discovery Material”).

1.2. Discovery Material may be designated “CONFIDENTIAL” only when the designating person has a good-faith basis to believe it contains nonpublic information for which protection is warranted, including:

- personal financial or tax information;
- bank, investment, retirement, trust, or account information;
- Social Security numbers, taxpayer-identification numbers, complete account numbers, or comparable personal identifiers;
- medical or mental-health information;
- private contact information;
- legitimate confidential business, customer, member, pricing, operational, or financial information; or
- other information entitled to protection under Rule 26(c) or applicable law.

1.3. Information shall not be designated CONFIDENTIAL merely because it is unfavorable, embarrassing, relevant to disputed facts, or produced in discovery. Publicly available information and information independently obtained without violating a duty of confidentiality are not confidential merely because the same information is also contained in designated material.

1.4. This Order does not determine admissibility, relevance, discoverability, privilege, or whether any particular document must be produced.

## 2. Designating Material

2.1. A producing person may designate a document or electronically stored information by marking each page or file "CONFIDENTIAL" before production. Native files may be designated by including "CONFIDENTIAL" in the file name or production medium and by marking any slip sheet.

2.2. Deposition testimony may be designated on the record or by written notice identifying the specific testimony within 21 days after receipt of the final transcript. Until that period expires,

the transcript shall be treated as CONFIDENTIAL. Only the specifically designated portions and related exhibits shall remain confidential afterward.

2.3. A party incorporating designated material into an interrogatory answer, admission response, declaration, expert report, or other discovery response shall identify the confidential portion with reasonable specificity.

2.4. Mass, indiscriminate, or routine designations are prohibited. The designating person must limit the designation to material that qualifies for protection.

**3. Permitted Use and Disclosure**

3.1. CONFIDENTIAL Discovery Material may be used solely to prosecute, defend, appeal, settle, or otherwise conduct this action and for no business, competitive, personal, publicity, or other purpose.

3.2. Unless the designating person agrees otherwise in writing or the Court orders otherwise, CONFIDENTIAL Discovery Material may be disclosed only to:

- the Court and court personnel;
- counsel of record and their attorneys, employees, and contractors whose work requires access;
- the parties, but only to the extent counsel reasonably determines access is necessary for this litigation;
- retained experts and consultants whose work requires access, after they sign the acknowledgment attached as Exhibit A;
- court reporters, videographers, interpreters, litigation-support vendors, and document-management vendors engaged for this action;

- a witness or potential witness during preparation, deposition, hearing, or trial when counsel reasonably believes the person authored, received, possessed, knew of, or needs to review the material for testimony, after being advised of this Order;
- the author, sender, recipient, or prior lawful custodian of the material; and
- any other person authorized by written agreement of the designating person or court order.

3.3. No material is designated "ATTORNEYS' EYES ONLY" under this Order. A person seeking that heightened restriction must obtain written agreement or a court order based on a particularized showing.

**4. Challenges to Designations**

4.1. A party may challenge a confidentiality designation at any time consistent with the scheduling order and applicable rules.

4.2. The challenging party shall provide written notice identifying the challenged material and explaining the basis for the challenge. The parties shall confer in good faith.

4.3. If the dispute is not resolved, the designating person bears the burden of seeking a protective order and establishing that the challenged material is entitled to protection. Unless the parties agree otherwise, the designating person must file any appropriate motion within 14 days after the conference. The material shall remain protected until the Court resolves the dispute or the deadline to seek protection expires.

4.4. A challenge does not waive any argument concerning relevance, admissibility, privilege, proportionality, or discoverability.

**5. Subpoenas and Other Legal Process**

5.1. If a person receiving CONFIDENTIAL Discovery Material is served with a subpoena, court order, or other legal process requiring its disclosure, that person shall, to the extent legally permitted, promptly notify the designating person in writing and provide a copy of the process.

5.2. The person receiving the process shall not produce the designated material before the compliance date unless required by law. The designating person bears the burden and expense of seeking protection in the issuing tribunal.

5.3. Nothing in this Order alters any separate contractual notice obligation owed by a party or nonparty.

**6. Nonparty Material**

6.1. A nonparty producing Discovery Material may invoke this Order by designating qualifying material CONFIDENTIAL.

6.2. A party receiving a discovery request for material subject to a known confidentiality obligation owed to a nonparty shall promptly notify the requesting party and nonparty, identify the material with reasonable specificity, and allow the nonparty a reasonable opportunity to seek protection. This paragraph does not authorize withholding contrary to a court order or applicable rule.

**7. Filing Under Seal**

7.1. A CONFIDENTIAL designation does not by itself authorize filing under seal.

7.2. A party seeking to file designated material under seal must comply with the Court's applicable rules and orders and must make the showing required by governing law. Where feasible, the filing party shall use narrowly tailored redactions rather than sealing an entire filing.

7.3. If the filing party does not support the original designation, it shall give the designating person reasonable advance notice so the designating person may seek sealing. The designating person bears the burden of supporting confidentiality and sealing.

**8. Hearings and Trial**

8.1. This Order does not govern the use of Discovery Material at trial. The parties shall raise any request to restrict public use or disclosure at a hearing or trial through an appropriate motion sufficiently in advance of the proceeding.

8.2. The parties shall meet and confer before using CONFIDENTIAL Discovery Material at a hearing to determine whether a narrowly tailored procedure is appropriate.

**9. Inadvertent Failure to Designate**

9.1. An inadvertent failure to designate qualifying material does not waive a claim of confidentiality. Upon written correction, the receiving person shall make reasonable efforts to retrieve and treat the material according to the corrected designation.

9.2. Disclosure made before receipt of the corrected designation does not violate this Order if the disclosure complied with the designation in effect at the time.

**10. Inadvertent Production of Privileged or Protected Material**

10.1. Inadvertent production of attorney-client privileged, work-product protected, or otherwise protected material shall be addressed under Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502.

10.2. Upon notice of a claim of privilege or protection, the receiving party shall promptly sequester the identified material, stop reviewing or using it, and take reasonable steps to retrieve copies provided to others until the claim is resolved by agreement or court order.

10.3. This paragraph does not prevent the receiving party from submitting the material to the Court under seal solely to obtain a ruling on the claim, and it does not concede that the material is privileged or protected.

**11. Unauthorized Disclosure**

11.1. A person learning that CONFIDENTIAL Discovery Material was disclosed to an unauthorized person shall promptly notify the designating person, use reasonable efforts to retrieve the material and prevent further disclosure, inform the recipient of this Order, and request that the recipient sign Exhibit A.

11.2. This provision does not limit any remedy otherwise available for violation of this Order.

**12. Final Disposition**

12.1. Within 60 days after final disposition of this action, including exhaustion of appeals, each receiving party shall return or destroy CONFIDENTIAL Discovery Material at the designating person's written election and certify compliance upon request.

12.2. Counsel may retain one archival copy of pleadings, motion papers, transcripts, attorney work product, correspondence, expert materials, and exhibits, subject to this Order. Backup media maintained through routine disaster-recovery systems need not be restored solely to delete material, but retained material remains protected.

**13. No Waiver; Modification; Survival**

13.1. Entering this stipulation does not waive any objection to discovery, privilege, protection, admissibility, relevance, proportionality, or authentication.

13.2. Nothing in this Order restricts a person's use of its own information or information lawfully obtained independently of discovery in this action.

13.3. Any person may seek modification of this Order for good cause. The parties may agree in writing to reasonable procedures that do not bind the Court or affect public access to judicial records.

13.4. The obligations imposed by this Order survive final disposition unless modified by the Court.

IT IS SO STIPULATED.

DATED this 26 day of August, 2026.

| | |
|---|---|
| **SGRO & ROGER**<br><br>*/s/ Elaine Odeh*<br>ANTHONY P. SGRO, ESQ.<br>Nevada Bar No. 3811<br>ELAINE ODEH, ESQ.<br>Nevada Bar No. 14099<br>2901 El Camino Ave, Suite 204<br>Las Vegas, NV 89102<br>*Attorneys for Plaintiff* | **MARQUIS AURBACH**<br><br>*/s/Craig R. Anderson*<br>Craig R. Anderson, Esq.<br>Nevada Bar No. 6882<br>10001 Park Run Drive<br>Las Vegas, Nevada 89145<br>*Attorneys for Defendant Daniel R. Jollota* |

**ORDER**

IT IS SO ORDERED.

DATED: August 26, 2026

UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ________________________________, declare under penalty of perjury that I have read and understand the Stipulated Protective Order entered in **Doe v. Jollota**, Case No. 2:25-cv-02448-GMN-EJY, in the United States District Court for the District of Nevada. I agree to comply with and be bound by its terms, to use CONFIDENTIAL Discovery Material only for this action, not to disclose such material except as permitted by the Order, and to submit to the jurisdiction of the Court for enforcement of the Order.

Date: ____________________________

City and State: ___________________________________

Printed Name: ____________________________________

Signature: ________________________________________